4   342
29a 660

---

PETER MARTIN, plaintiff in error, *v.* JAMES RUSSELL *et ux.,* defendants in error.

*Error to Clinton.*

Amendments are reducible to no certain rules. They rest, for the most part, in the discretion of the Court.

Where a good cause of action has been definitely stated, it is usual to allow one or more amendments; but when there is an improper joinder of causes of action, as slander by the wife, and a joint slander by the husband and wife, an amendment cannot be allowed.

A declaration in a suit against two, husband and wife, for slander, cannot be amended by striking out those counts which allege a joint slander, and leaving those only which allege slander by the wife, where the writ was against the two, without naming them as husband and wife.

The Court may refuse to regard an assignment of errors which is not attached to the record.

THIS cause was heard in the Court below, at the March term, 1840, before the Hon. Sidney Breese.

Martin *v.* Russell *et ux.*

A. P. FIELD, for the plaintiff in error.

BENJAMIN BOND, for the defendants in error.

BROWNE, Justice, delivered the opinion of the (old) Court:

The writ of error in this cause is prosecuted to reverse a judgment rendered by the Clinton Circuit Court, in favor of the defendants, on a demurrer to a declaration in slander. The first and third counts charge the slanderous words to have been spoken by Elizabeth Russell, wife of said James; and the second and fourth charge that they were spoken by the defendants jointly. Upon sustaining the demurrer to the declaration, the plaintiff's counsel moved the Court for leave to strike out the second count, and as the record states, to amend the fifth count, by striking out the word defendants, and insert defendant. The refusal of the Court to allow this motion is assigned as error. The record in the cause is very imperfectly made out, occasioning, as in many other causes brought to this Court, much embarrassment in ascertaining the true state of the case, and the real point presented. There is no fifth count in the declaration, consequently no motion could be entertained of the character stated in the record. The writ in the cause is against the defendants jointly, without describing Elizabeth Russell as the wife of the defendant James Russell, and the question now presented for decision is, was the demurrer properly sustained, and should leave have been given to amend the faulty count in the manner proposed.

Amendments are reducible to no certain rules, they resting, for the most part, in the discretion of the Court. (1) When a good cause of action has been definitely stated, it is usual to allow one or more amendments; but when there is an improper joinder of causes of action, as the writ and declaration in this case show, on a cause of action not good in law, as a joint slander, an amendment cannot be allowed. The party would be required to commence *de novo.*

The writ, and the second and fourth counts of the declaration, show a cause of action against two jointly, for words spoken by both defendants, and these are the counts the plaintiff moved to strike out and amend. If the amendment had been allowed, then the first and third counts, and fourth, if amended, would have shown a cause of action distinct from that set forth in the writ, which would be irregular, and would have converted a cause of action, which was originally joint, into an action in which the defendant's wife would be the meritorious cause, for words spoken by her alone. (2) The Court in this case might well refuse to look into the errors assigned, for the reason that the rule requiring the assignment to be attached to the record, has not been complied with. The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) Breese 134, note.        (2) 1 Chit. Plead. 105–6.